# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY STONELAKE, an individual, | Case No. 2:25-cv-00474 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | Removed from the Superior Court of the State of Washington in and for the County of King, Case No. 25-2-03204-3 SEA |
| META PLATFORMS, INC., a Delaware Corporation, | |
| Defendant. | |

Defendant Meta Platforms, Inc. ("Meta"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the Superior Court of the State of Washington in and for the County of King, Case No. 25-2-03204-3 SEA. In support of this Notice of Removal, Meta states the following:

## I. TIMELINESS AND BACKGROUND

1. On February 3, 2025, Plaintiff Kelly Stonelake ("Plaintiff") commenced a civil action against Meta by filing a complaint in the Superior Court of the State of Washington in and

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

for the County of King, titled *Kelly Stonelake v. Meta Platforms, Inc.*, Case No. 25-2-03204-3 SEA.

2. Plaintiff brings claims for (1) sex harassment under the Washington Law Against Discrimination, R.C.W. § 49.60, (2) sex discrimination under the Washington Law Against Discrimination, R.C.W. § 49.60, (3) retaliation under the Washington Law Against Discrimination, R.C.W. § 49.60, and (4) retaliation in violation of public policy, under common law and R.C.W. § 49.44.211. (Compl. Part IV.)

3. Plaintiff seeks to recover the full measure of damages permitted by law; lost back pay, wages, and benefits, and other compensation; lost front pay, future wages, and other compensation; damages for emotional distress; actual and reasonable attorneys' fees; and pre- and post-judgment interest. (Compl. Part V.)

4. On February 14, 2025, Plaintiff served Meta with a copy of the Complaint.

5. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1).

6. Because Meta has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitutes "all process, pleadings, and orders served upon" Meta in the state court action is attached hereto as **Exhibit A**.

**II. THIS CASE IS REMOVABLE BASED UPON DIVERSITY JURISDICTION**

8. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

NOTICE OF REMOVAL - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

9. In this case, both the "diversity" and "amount in controversy" requirements are met.

A. **Diversity of Citizenship Exists Among the Parties.**

10. On information and belief, based on Plaintiff's Complaint, Plaintiff is a citizen of the state of Washington. (Compl. Part II, ¶ 1.)

11. Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

12. At the time Plaintiff commenced her civil action, and at all times since, Meta was and is an organization incorporated in Delaware with its principal place of business in Menlo Park, California, and therefore is a citizen of the States of Delaware and California for purposes of diversity. 28 U.S.C. § 1332; *see also Hertz Corp. v. Friend*, 558 U.S. 77, 92-93 (2010) (noting "a 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"). (Compl. Part II, ¶ 2.)

13. Thus, Plaintiff and Meta are citizens of different states, and this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

B. **The Amount in Controversy Exceeds $75,000**

14. In cases where a plaintiff has not specified an amount in controversy in a complaint, the removing defendant "need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014). This Court should not decline jurisdiction unless it appears "to a 'legal certainty' that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

15. While Meta denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount exceeds the

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as the Ninth Circuit explained, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

16. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

### *Lost Wages*

17. Plaintiff seeks to recover back pay and benefits for alleged harassment, discrimination, and retaliation against her. (Compl. Part V.) At the time of Plaintiff's termination on January 8, 2024, her annual base salary was $344,453.86 . Declaration of Yvonne Cantrowitz in Support of Notice of Removal ¶¶4-5. Therefore, if trial were set 12 months from now in March 2026 (approximately 26 months after Plaintiff's employment was terminated), Plaintiff could potentially seek approximately $746,316.70 in back wages alone, not including her damages for lost benefits. This sum does not include any future wages Plaintiff seeks to recover, which would only increase the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy).

### *Emotional Distress Damages*

18. In addition to lost wages and benefits, Plaintiff seeks damages for emotional distress. (Compl. Part V.)

19. To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

NOTICE OF REMOVAL - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

(district court properly considered emotional distress damage awards in similar age discrimination cases in Washington).

20. Based on awards in other similar cases alleging discrimination within the Ninth Circuit and Washington State Superior Courts, it is plausible that a local jury could award Plaintiff more than $75,000 in emotional distress damages. *See Elias v. City of Seattle*, King County Superior Court Case No. 2014-2-1735-2, 2016 WL 4547452 (July 25, 2016) (jury awarded $1,500,000 in compensatory pain and suffering damages to female plaintiff for sex discrimination and unlawful retaliation claims); *Stumpf v. Rural/Metro Corporation*, King County Superior Court Case No. 2016-2-29614-9, 2018 WL 5828837 (May 8, 2018) (jury awarded $410,000 in compensatory pain and suffering damages for claims of gender discrimination, hostile work environment, and retaliation for complaining about harassment related to pregnancy accommodations); *Atwood v. Mission Support Alliance , LLC, et al.*, Benton County Superior Court Case No. 2015-2-01914-4, 2015 WL 6623773 (Oct. 10, 2017) (jury awarded $6,000,000 in compensatory pain and suffering damages for claims including gender-based hostile work environment and retaliation after female employee reported examples of supervisor's alleged gender discrimination and misuse of government resources); *Erickson v. Biogen, Inc.*, United States District Court, W.D. Washington Case No. 2:18CV01029, 2019 WL 6713307 (Nov. 6, 2019) (jury awarded $1,690,000 in compensatory pain and suffering damages for claims including gender discrimination and retaliation for reporting a violation of the company's corporate ethics, compliance policies, and federal law); *Johnson v. Albertsons LLC*, United States District Court, W.D. Washington Case No. 2:18CV01678, 2020 WL 1906806 (Mar. 9, 2020) (jury awarded $750,000 in compensatory pain and suffering damages for retaliation claim made by female employee who complained about male manager's retaliatory conduct after she reported him for his mistreatment of female subordinates).

***Attorney's Fees***

21. Plaintiff also seeks to recover attorneys' fees and costs. (Compl. Part V.) Requests

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

for attorneys' fees must be considered in ascertaining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona*, LLC, 889 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."); *see also, Kido as Trustee for Kido v. Transamerica Life Ins. Co.*, 2020 WL 428978 (W.D. Wash. Jan. 28, 2020) ("The amount in controversy may include not just actual damages, but also statutorily authorized treble damages and attorney fees." (citing *Galt*, 142 F.3d at 1156)).

22. The Washington Law Against Discrimination expressly authorizes an award of attorney's fees to the prevailing party. RCW 49.60.180. Plaintiff, if successful, would be entitled to an award of attorney's fees that "more likely than not" would itself exceed $75,000. Indeed, $75,000 would only represent 115 hours of attorney time conservatively assuming a $650 blended hourly rate. Verdicts show that attorney's fees in employment cases typically exceed $75,000. *See, e.g.*, *Stumpf*, 2018 WL 5828837 (court awarded $1,001,923 in attorney's fees to the plaintiff after prevailing on claims for gender discrimination, hostile work environment, and retaliation).

23. While Meta denies any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds the $75,000 amount necessary for establishing diversity jurisdiction. This is sufficient to permit removal. *See Dart Cherokee Basin Operating Co*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

24. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(a), Meta asserts that the amount in controversy exceeds the requisite $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a).

25. Based on the foregoing, this Court has diversity jurisdiction over this action. *See* 28 U.S.C. §§ 1332(a); (c).

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

26. This action is removable to this Court. 28 U.S.C. §§ 1441(a), (b).

### III. VENUE AND NOTICE

27. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 128(b), this District embraces the Superior Court of the State of Washington in and for the County of King, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

28. Promptly upon the filing of this Notice of Removal, Meta shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Superior Court of the State of Washington in and for the County of King, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. § 1446(d). A copy of this notice is attached hereto at **Exhibit B** (without exhibits).

### IV. CONCLUSION

29. Based on the foregoing, this Court has original jurisdiction over this action based on the diversity of the parties under 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

30. Should Plaintiff seek to remand this case to state court, Meta respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Meta asks that the Court retain jurisdiction and allow Meta to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

31. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Meta's factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1 improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of
2 litigation.
3     WHEREFORE, Meta requests that the above-described action pending against it be
4 removed to this Court. Meta also requests all other relief, at law or in equity, to which it justly is
5 entitled.
6     Respectfully submitted this 17th day of March, 2025.

SEYFARTH SHAW LLP

By: */s/Lauren Parris Watts*
Lauren Parris Watts, WSBA No. 44064
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone:  (206) 946-4910
Email:   lpwatts@seyfarth.com

Counsel for Defendant
META PLATFORMS, INC.

NOTICE OF REMOVAL - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, I have caused a true and correct copy of the foregoing Notice of Removal to be filed via the CM/ECF system, and to be served upon the following, via U.S. First Class Mail:

Cynthia Heidelberg
BRESKIN JOHNSON & TOWNSEND
600 Stewart St., Suite 901
Seattle, WA 98101
Phone: 206-652-8660
Email: cheidelberg@bjtlegal.com

*/s/Lauren Parris Watts*
Lauren Parris Watts, WSBA No. 44064
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: lpwatts@seyfarth.com

Counsel for Defendant
META PLATFORMS, INC

NOTICE OF REMOVAL - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910