The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| KELLY STONELAKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:25-cv-00474-BJR<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Defendant Meta Platforms, Inc. ("Meta"), pursuant to the Federal Rules of Civil Procedure 12(b)(6) and Civil LR 7, respectfully moves this Court to dismiss Plaintiff Kelly Stonelake's ("Stonelake") Complaint. In support of its motion, Meta states as follows:

## I.   INTRODUCTION AND RELIEF REQUESTED

Stonelake filed her Complaint against Meta on February 3, 2025, claiming sex discrimination, harassment, and retaliation in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60. She also brings a claim for Retaliation in Violation of Public Policy under common law and RCW 49.44.211 (Washington's Silenced No More Act).

Notwithstanding her lengthy allegations, a careful examination of Stonelake's Complaint shows she fails to and cannot allege any viable claims against Meta. ***First***, Stonelake's claims of harassment, discrimination, and retaliation are barred by the applicable statutes of limitations ("SOL"). A three-year SOL applies to claims under the WLAD. Regarding her sexual harassment claim, Stonelake does not allege any unwelcome conduct based on her sex that took place after February 3, 2022. In fact, most of the alleged conduct took place before 2020, and involved entirely different conduct, entirely different people, and in entirely different states. Stonelake cannot claim any of the alleged conduct is even remotely similar and cannot salvage this claim under a continuing violation doctrine. Regarding her sex discrimination claim, Stonelake alleges she was not promoted in 2022 or 2023. However, based on the allegations in her Complaint, the failure to promote in 2022 occurred before the requisite SOL period started, and Stonelake cannot assert she was not promoted in 2023 when she was already on a leave of absence beginning January 2023. It is clear both Stonelake's sexual harassment and sex discrimination claims are barred by the applicable three-year SOL and should be dismissed.

***Second***, Stonelake fails to state a claim upon which relief can be granted. Regarding her retaliation claims, she does not and cannot allege facts supporting she engaged in protected activity,

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

she was subject to any adverse employment action, or a causal connection existed. Nor does Stonelake's complaint establish any retaliatory conduct on Meta's part. Stonelake cannot as a matter of law state a claim upon which relief can be granted and her retaliation claims should be dismissed. For these reasons, Meta requests the Court dismiss Plaintiff's complaint.

## II.    RELEVANT PROCEDURAL HISTORY

On February 3, 2025, Stonelake filed her complaint in the King County Superior Court. Dkt. 9-1 at 5-35. On February 14, 2025, Meta was served with the Summons and Complaint. Dkt. 1 at ¶ 4. On March 17, 2025, Meta timely removed the action to this Court. Dkt. 1.

## III.    STONELAKE'S HARASSMENT AND DISCRIMINATION CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

**A.    Legal Standard**

Under RCW 49.60, harassment and discrimination claims are subject to a 3-year SOL. RCW 49.16.180(2); *Antonius v. King County*, 153 Wn.2d 256, 261-62 (2004). This ensures timely resolution of claims and protects against the burden of defending stale allegations.

**B.    Stonelake's Harassment Claim Is Barred By The Statute Of Limitations**

To establish a claim for a hostile work environment due to sexual harassment, a plaintiff must demonstrate: (1) unwelcome conduct; (2) that occurred because of gender; (3) that was sufficiently severe or pervasive to alter the conditions of employment; and (4) that can be imputed to the employer. *See Glasgow v. Georgia-Pacific Corp.*, 103 Wn.2d 401, 405 (1985); *Henderson v. Pennwalt Corp.*, 41 Wn. App. 547 (1985). Importantly, the conduct must not only be offensive but must also be severe and pervasive enough to create an abusive working environment, as established in *MacDonald v. Korum Ford*, 80 Wn. App. 877, 885 (1996).

**1.    There Are No Allegations Of Severe or Pervasive Conduct That Occurred After 2020.**

Stonelake filed her complaint on February 3, 2025. To fall within the three-year SOL, any

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

alleged acts of harassment must have occurred on or after February 3, 2022. A thorough review of her allegations reveals the last instance of alleged severe or pervasive conduct based on her gender occurred well before this date. Stonelake claims to have experienced a hostile work environment in California until approximately 2012. She then alleges her manager, "ES," was "overtly hostile" towards her based on her sex from about 2016 until she stopped working for him in 2020. Compl. ¶¶ 5-30, 30, 56-57. *This marks the last of her allegations regarding sexual harassment and anything close to severe or pervasive conduct based on her gender.*

The allegations that fall within the statutory period, beginning with Paragraph 73 of her Complaint, do not describe any severe or pervasive conduct related to gender. Instead, they focus on failures to promote and whistleblowing activities, none of which constitute actionable harassment. Specifically, Stonelake makes: a Q1 2022 failure to promote allegation (Stonelake does not provide a specific date in Q1 2022) (¶¶ 73-78); failure to promote allegation related to DPA 2.0 (¶¶ 79-85); whistleblowing allegations after Stonelake "began vocally advocating for the need to pause" the release of an allegedly unsafe product for teens (¶¶ 79-111); allegations related to her role and alleged experience as a "bias interrupter" (¶¶ 112-122); another failure to promote allegation (¶¶ 123-126); allegations related to her medical leave (¶¶ 127-129); and her ultimate role elimination and termination (¶¶ 130-132). Thus, the SOL for Stonelake's hostile work environment claim expired in 2020, and her claim should be dismissed on this basis alone.

**2.    The Sexual Harassment Claim Is Not Salvaged By A Continuing Violation**

While true that a plaintiff may establish a hostile work environment claim through a series of acts, the law requires at least one act contributing to the claim occur within the statutory period. As stated in *Antonius*, 153 Wn.2d at 264, a continuing violation can only be claimed when there is a chain of similar discriminatory acts stemming from the same discriminatory animus, anchored by a violation within the SOL period. "The acts must have some relationship to each other to

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

constitute part of the same hostile work environment claim." *Id*. at 271. If no relationship exists, the act is no longer part of the same claim and the employee cannot recover for previous acts as part of one hostile work environment claim. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (courts must consider whether the acts "involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers")).

Courts consistently hold acts that are discrete in time or circumstances do not reinforce each other to form a single hostile work environment claim. *See Diemert v. City of Seattle*, No. 2:22-CV-1640, 2025 WL 446753, at *15 (W.D. Wash. Feb. 10, 2025) (hostile work environment claim barred by the SOL because harassing comments before the SOL involved different people than allegations during the SOL, and there were no connecting elements spanning the intervening years); *Crownover v. State ex rel. Dep't of Transp.*, 165 Wn. App. 131, 144 (2011) ("Acts that are so discrete in time or circumstances that they do not reinforce each other do not constitute a single hostile work environment in order to defeat the [SOL].") (internal quotations, citation omitted); *Little v. Nat'l Broad. Co.*, 210 F. Supp. 2d 330, 367 (S.D.N.Y. 2002) (significant gap in time between hostile work environment allegations precludes finding a continuing violation); *Wang v. N.Y.C. Dep't of Fin.*, No. 96-CV-5170(JG), 1999 WL 529550, at *11 (E.D.N.Y. July 21, 1999), *aff'd sub nom. Wang v. New York City Dep't of Fin.*, 216 F.3d 1074 (2d Cir. 2000) (alleged acts of discrimination do not amount to a continuing violation; they are not similar or clearly related to each other, the circumstances surrounding each, including the parties involved, vary significantly).

In this case, Stonelake's allegations are disconnected and lack the necessary relationship to constitute a continuing violation. Instead, they are attributable to completely **different people** in completely **different states** and at completely **different times**. These differences and gaps in time are significant and warrant dismissal of Stonelake's claims.

The *first series* of alleged acts took place between an unknown date and approximately

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

2012, in California, and were attributable to three individuals: • Male employees betting on when she would break up with her boyfriend. Compl. ¶ 10; • Male employee "NS" "grabbed [her] crotch over her pants." Compl. ¶ 13; • Male employee "MJ" told her not to speak during a meeting. Compl. ¶ 14; • In 2011, male employee "MF" "attempted to force his tongue into her mouth, … pushed her onto [a] bed and put his hands down her pants, under her jeans and underwear." Compl. ¶ 18. Later that year, "MF" told her "she wouldn't be promoted unless she had sex with him." *Id.* ¶ 19; and • Other male employees "making jokes suggesting that they believed she'd had a consensual sexual relationship with MF." Compl. ¶ 21.

Then, *four years later*, the **second series** of acts took place between approximately 2016 and 2020 in Seattle, Washington, when Stonelake alleges a manager "ES" "was overtly hostile" towards her based on her sex. Compl. ¶ 30. She also alleges third party male clients "repeatedly interrupted her" while she was traveling in Tokyo in 2016. Compl. ¶ 43. However, by 2020, she stopped working for "ES" and this team and switched to the PMM Director for Developer Platform. Compl. ¶¶ 56-57. ***This marks the last of Stonelake's allegations regarding sexual harassment.***

The ***third series*** alleges no severe or pervasive conduct based on her gender. *See* Compl. ¶¶ 73-132. Even if Stonelake had alleged severe or conduct within the SOL, that conduct would not anchor the earlier claims because the allegations would not even involve the same conduct, the same location, or the same people as the allegations in the *first* and *second series*. Such allegations do not establish a chain of similar discriminatory acts emanating from the same discriminatory animus, as required. There is no actionable sex harassment alleged and Stonelake's claim is barred by the SOL.

C. **Plaintiff's Sex Discrimination Claim Fails To Allege Any Discrete, Plausible Acts Within The Statute Of Limitations Period**

Discrimination claims under the WLAD can be based on either disparate impact or

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

disparate treatment. *Oliver v. Pac. Nw. Bell Tel. Co.*, 106 Wn.2d 675, 678 (1986). The statute of limitations for discrete acts of discrimination runs from the date of the act itself, as established in *Antonius*, 153 Wn.2d at 263-64. This means if the limitations period has expired, a discrete act is not actionable, regardless of its relation to timely filed charges. *Morgan*, 536 U.S. at 114 (discrete acts of discrimination occurring outside the statute of limitations period are time barred, even if related to acts alleged in timely filed charges); *Crownover*, 165 Wn. App. at 142 (Discrete discriminatory acts must be within the statute of limitations to be actionable (citing *Morgan*, 536 U.S. at 118 (employee cannot recover for previous acts, at least not by reference to an unrelated timely act)); *Calcote v. City of Seattle*, 7 Wn. App. 2d 1019, 2019 WL 296026 (2019) (unpublished) (disparate treatment claim time barred to the extent it was based on acts occurring before the SOL period). Failure to promote is a discrete act. *Antonius*, 153 Wn.2d at 264.

Here, Stonelake alleges that she was subjected to disparate treatment based on her gender, specifically claiming that she was denied promotions due to her gender. Compl. ¶ 125. However, any claims based on conduct occurring before February 3, 2022, are clearly time-barred.

Stonelake has not provided sufficient factual support to establish that the alleged failures to promote in 2022 and 2023 occurred after February 3, 2022. In fact, her own allegations suggest that the failure to promote in Q1 2022 likely occurred before the statutory period began. Compl. ¶ 73 (alleging she expected to get promoted in Q1 2022). In fact, she alleges following Meta's alleged failure to promote, "by February" 2022 she had organized a virtual team of leaders on a project. Compl. ¶ 81. Thus, the failure to promote in fact occurred *before* February 2022. *See also* Compl. ¶ 86 (alleging that Vogel, who had told her she would not be promoted, accepted a new role in "early 2022"). For this reason alone, based on the facts as alleged in the Complaint, Stonelake's sex discrimination claim falls outside the requisite three-year statute of limitations and must be dismissed.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Moreover, even assuming *arguendo* the failure to promote took place after February 3, 2022, there is nothing supporting that Meta failed to promote Stonelake because of her gender. In fact, as to this discrete act, she was told that she did not get promoted for reasons entirely unrelated to her gender. *See, e.g.*, Compl. ¶ 75 (alleging Stonelake was told it was "really hard to promote someone at this level who was so close to so many things going wrong");[1] *Crownover*, 165 Wn. App. at 144-145 (dismissal proper where allegations did not reasonably and objectively allow the court to conclude they were motivated by gender discrimination).

Additionally, Stonelake's admission that she was on medical leave starting in January 2023 undermines her claims regarding promotions during that year. Compl. ¶¶ 137, 131-132. She cannot plausibly claim discrimination for a promotion she was not in a position to receive due to her absence. Even if she was, she alleges nothing to support such an allegation other than a conclusory statement that she was not promoted in 2023 because it would highlight other male leaders shortcomings. Compl. ¶ 146. Stonelake's sex discrimination claim should therefore be dismissed.

### IV. STONELAKE'S RETALIATION CLAIMS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) serves as a critical mechanism for evaluating the sufficiency of a plaintiff's complaint. This procedural tool tests whether the allegations, when accepted as true, present a plausible claim for relief. As established in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. The standard is not merely whether the plaintiff has stated a claim, but whether the claim is supported by enough factual detail to allow it to proceed. In *Steele v. Wells Fargo Bank N.A.*, Case No. C18-0230JLR, 2018 WL 3126546, at *2 (W.D. Wash.

---

[1] Although Stonelake references something "ES" told her years earlier, this was not a reason given to her for not receiving a promotion in Q1 2022 and is merely a red herring. Compl. ¶ 78.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

June 26, 2018), the court reiterated this principle, emphasizing that vague or conclusory allegations do not meet the threshold required to survive dismissal.

**B.     WLAD Retaliation**

Stonelake alleges that she faced retaliation for "opposing Meta's illegal activity," claiming that this retaliation manifested in the form of poor performance reviews, exclusion from the Horizon leadership team, and failures to promote her. Compl. Part I; Compl. ¶ 149. To establish a prima facie case of retaliation under the Washington Law Against Discrimination (WLAD), a plaintiff must demonstrate three essential elements: (1) engagement in protected activity, (2) suffering an adverse employment action, and (3) a causal link between the protected activity and the adverse employment action. *See Tyner v. State*, 137 Wn. App. 545, 563 (2007). Importantly, only discrete acts occurring within the relevant statutory period—after February 3, 2022—are actionable. *Crownover v. State ex rel. Dep't of Transp.*, 165 Wn. App. 131, 142 (2011). Stonelake's claims fail to meet these critical elements, warranting dismissal.

**1.     Failure to Allege Protected Activity During the Statutory Period**

Stonelake asserts that she "repeatedly raised complaints about bias and discrimination at Meta." Compl. ¶ 149. However, a meticulous review of her allegations reveals a significant gap: she does not identify any protected activity occurring on or after February 3, 2022.

Although she was asked to serve as a "Bias Interrupter" in January 2023, her tenure in this role was brief, and she subsequently went on medical leave without returning. Compl. ¶¶ 112, 137-138. There are no allegations indicating that she reported any violations of the WLAD during this time.[2] Nor is there anything elsewhere in the Complaint that alleges Stonelake engaged in WLAD-

---

[2] In Paragraphs 91-95, Stonelake alleges she "initiated a comprehensive listening tour" in early 2022 but does not allege she made any complaints related to what she learned. Paragraph 113, Stonelake alleges she had a history of exhibiting behaviors consistent with the role of Bias Interrupter and then points to colleagues she allegedly advocated for in Paragraph 114. However,

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 8

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

protected activity on or after February 3, 2022. To qualify as protected activity under WLAD, an employee must oppose practices that are explicitly forbidden by the statute. *See Currier v. Northland Servs., Inc.*, 182 Wn. App. 733, 742 (2014); *Renz v. Spokane Eye Clinic*, P.S., 114 Wn. App. 611, 619 (2002). Stonelake's failure to demonstrate engagement in protected activity during the relevant period is a fatal flaw in her retaliation claim.

### 2. Failure to Allege Adverse Employment Action

As articulated in *Alonso v. Qwest Commc'ns Co., LLC*, an adverse employment action is defined as a significant change in employment conditions that goes beyond mere inconvenience or minor alterations in job responsibilities. *Alonso v. Qwest Commc'ns Co., LLC*, 178 Wn. App. 734, 746 (2013) (citation omitted). "An action is considered 'adverse' if it would have dissuaded a reasonable worker from making or supporting a charge of discrimination, [and] must involve a change in employment conditions that is more than an inconvenience or alteration of job responsibilities." *Palpallatoc v. Boeing Co.*, No. 22-CV-5728, 2023 WL 6845523, at *5 (W.D. Wash. Oct. 17, 2023) (quotations and citations omitted). Context matters in analyzing the significance of any given act of retaliation. *Id.*

Stonelake alleges Meta "retaliated against her for opposing discrimination in the form of [1] poor performance reviews, [2] refusal to reinstate her on the Horizon leadership team, and [3] failure to promote her." Compl. ¶ 149.

*First*, Stonelake has not alleged she received a poor performance review during the relevant time period after February 3, 2022. *See* Compl. ¶¶ 86-139 (nothing alleged about a performance review); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (when a complaint fails to make "either direct or inferential allegations respecting all the material elements necessary to sustain

---

Stonelake does not allege she engaged in the conduct described in Paragraphs 113 or 114 on or after February 3, 2022.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

recovery under some viable legal theory," it is subject to dismissal). In any event, this is not an adverse employment action in the context of Stonelake's case as there is nothing suggesting it altered the terms and conditions of her employment and led to her termination. *Cf Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 416 (2018) (noting that poor performance rating that *results* in termination and prevents rehire may be an adverse action); *accord Neely v. Boeing Co.*, No. C16-1791-JCC, 2019 WL 2178648, at *7 (W.D. Wash. May 20, 2019), *aff'd*, 823 F. App'x 494 (9th Cir. 2020) (plaintiff's poor score on performance evaluation constituted adverse employment action only because it contributed to eventual termination).

Second, the assertion that she was excluded from the Horizon Leadership meetings does not constitute an adverse employment action. Compl. ¶ 103. The decision to limit these meetings to a smaller group does not represent a significant change in employment conditions. As noted in *Kirby v. City of Tacoma*, 124 Wn. App. 454, 465, 98 P.3d 827 (2004), not every negative experience in the workplace rises to the level of an adverse employment action. S*ee also Adams v. Able Bldg. Supply, Inc.*, 114 Wn. App. 291, 297, 57 P.3d 280 (2002) (the WLAD is not a general civility code and "not everything that makes an employee unhappy is an actionable adverse action" (quotations and citations omitted)); *Crownover*, 165 Wn. App. at 149 (employee's frustration and receipts of direct or indirect negative remarks not enough to show intolerable working conditions).

*Third*, although a failure to promote may in some instances be considered an adverse employment action, as discussed below, there is no connection between Stonelake's alleged failure to promote and any protected activity, and this is also arguably not an adverse employment action because Stonelake alleges nothing supporting that she was entitled to receive a promotion. Simply believing she deserved a promotion does not suffice. "It is well-established that '[n]ot every employment decision amounts to an adverse employment action.'" *Martinez Patterson v. AT&T Servs. Inc.*, No. C18-1180-RSM, 2021 WL 3617179, at *7 (W.D. Wash. Aug. 16, 2021), *aff'd*, No.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

21-35766, 2022 WL 2304218 (9th Cir. June 27, 2022) (quoting *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 869 (9th Cir. 1996)). "Indeed, courts have found no adverse employment decision where the employee was not demoted, placed in a worse job, given additional responsibilities, or lost benefits." *Id.* (citing *Strother*, 79 F.3d at 869, n.12 (collecting cases)). This is exactly what Stonelake's alleged failure to receive a promotion amounts to and there is simply no adverse employment action at issue here.

### 3. Stonelake Fails To Allege A Causal Connection Between Any Alleged Protected Activity And Adverse Employment

Even if Stonelake could demonstrate protected activity and adverse employment actions, she has failed to establish the requisite causal connection between the two. To prove causation, a plaintiff must show that retaliation was a substantial factor motivating the adverse employment decision. *See Cornwell v. Boeing Co.*, 192 Wn.2d 403, 412 (2018). Importantly, an employer cannot retaliate against an employee for actions of which it is unaware. *See Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 576 (2020).

In this case, Stonelake alleges after being asked to serve as a "Bias Interrupter," she called out bias during calibration meetings. Compl. ¶¶ 112, 117, 121. However, she does not allege her subsequent exclusion from promotion discussions was linked to her role as a Bias Interrupter. She alleges Vogel (who was not present at the meeting) called her after and offered to fly to her San Francisco where they had dinner and he separately told her he would not be putting her forward for a promotion because her "accomplishments would expose the failures of male leaders whose support she needed for promotion." Compl. ¶¶ 123-126. She does not allege Vogel told her it was because of her role as a "Bias Interrupter" or that it was because she "called out bias" when a colleague was unprepared for a meeting. *Id.* And other than time, there is nothing connecting these two occurrences.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Not receiving a promotion because her accomplishments would allegedly expose the failures of other leaders is not because of any protected activity and does not rise to retaliation as a matter of law. *Johnson v. Boeing Co.*, No. CV C17-0706RSL, 2017 WL 5458404, at *2 (W.D. Wash. Nov. 13, 2017) (no causal connection sufficiently pled where events were separated by time, no causal connection was alleged, and the plaintiff acknowledged the non-retaliatory reasons for his demotion, including related to his failure to follow company protocol—not any protected activity).

**C. Retaliation in Violation of Public Policy**

Stonelake claims under both common law and RCW 49.44.211 lack the necessary legal foundation and should be dismissed.

**1.   Common Law Claim**

The tort of wrongful discharge serves as a narrow exception to the general rule that employees may be terminated at will, absent a contract for a definite term. As established in *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219 (1984), and *Roberts v. ARCO*, 88 Wn.2d 887, 894 (1977), this tort is intended to protect employees from being discharged for reasons that contravene public policy. However, Washington courts have explicitly declined to extend this common law claim to encompass disciplinary actions that do not result in actual discharge. *See White v. State*, 131 Wn.2d 1 (1997).

> We have not yet considered whether an employee should be able to recover for disciplinary actions that do not result in discharge where the employer's actions violate a clear mandate of public policy. Other jurisdictions which have considered the issue are divided with respect to whether an employee has a cause of action, based on public policy, for disciplinary actions. **No jurisdiction appears to have considered extending a public policy cause of action to a lateral job transfer which does not result in a loss of pay, rank, job classification or benefits.** …
>
> Generally, other jurisdictions share the same concern as the Court

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

of Appeals in this case, that **recognizing a cause of action for wrongful disciplinary action less than discharge has the potential to expand and to generate frivolous claims.** In *White*, the Court of Appeals reasoned that by recognizing a cause of action for employer actions short of an actual discharge, the court would be opening a floodgate to frivolous litigation and substantially interfering with an employer's discretion to make personnel decisions. The Court of Appeals noted that "the courts are ill-equipped to act as super personnel agencies." We agree with the reasoning and the decision of the Court of Appeals.

Subjecting each disciplinary decision of an employer to the scrutiny of the judiciary would not strike the proper balance between the employer's right to run his business as he sees fit and the employee's right to job security.

*Id.* at 18-20 (Emphasis added) (citing *Mintz v. Bell Atlantic Sys. Leasing Int'l, Inc.*, 183 Ariz. 550 (1995) (a public policy tort for failure to promote does not exist and it is unnecessary for courts to create one)) (other citations omitted); *Korslund v. Dynacorp Tri-Cities Services, Inc.*, 121 Wn. App. 295, 316-17 (2004) (declining to recognize claim for retaliation in violation of public policy).

Stonelake's allegations of retaliation—specifically, her exclusion from the Horizon leadership team, refusal to reinstate her, and failure to promote—do not amount to discharge and therefore cannot support a common law claim for retaliation in violation of public policy. Compl. ¶¶ 152. As such, her common law claim should be dismissed.

### 2. RCW 49.44.211

Stonelake also alleges retaliation under RCW 49.44.211, known as Washington's Silenced No More Act (SNMA). This statute prohibits nondisclosure and nondisparagement provisions that prevent employees from disclosing or discussing conduct they reasonably believe to be illegal discrimination, harassment, retaliation, wage and hour violations, or sexual assault. RCW 49.44.211(1). It also prohibits related retaliation. RCW 49.44.211(3). The express intent of the legislature is "to prohibit nondisclosure and nondisparagement provisions in agreements, which defeat the strong public policy in favor of disclosure." Engrossed Substitute House Bill 1795, 2022

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Chapter 133, Sec. 1. The effective date of SNMA was June 9, 2022. RCW 49.44.211(7).

However, Stonelake's claims under RCW 49.44.211 are fundamentally flawed. She does not allege the existence of any nondisclosure or nondisparagement provisions would trigger the protections of the SNMA. Without such provisions, her claims cannot proceed under this statute.

Furthermore, her allegations of raising complaints about bias and discrimination at Meta do not constitute protected activity under the SNMA, particularly since she fails to demonstrate that these complaints were made on or after the effective date of the statute, June 9, 2022.

Stonelake further claims to have raised concerns about safety threats on the Horizon platform, including bullying and inadequate parental controls. Compl. ¶¶ 149, 152. However, these allegations lack the necessary connection to illegal discrimination, harassment, or retaliation, or violation of clear mandate of public policy to support her claims under by the SNMA.

Finally, Stonelake has not established a causal link between any alleged protected activity and the adverse employment actions she claims to have suffered. There is no indication that her exclusion from the Horizon leadership team or the failure to promote her was motivated by any protected activity. In fact, she has not provided any evidence of retaliatory animus or direct statements linking these actions to her complaints.

In conclusion, Stonelake's claims for retaliation under both common law and RCW 49.44.211 lack the necessary legal basis and should be dismissed. The absence of actionable claims not only undermines her position but also reinforces the need for courts to maintain clear boundaries regarding employment-related disputes.

## V.   LEAVE TO AMEND WOULD BE FUTILE

The court should grant leave to amend only when justice requires it, as articulated in Federal Rule of Civil Procedure 15(a)(2). This rule is intended to be applied with "extreme liberality," as emphasized in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 14

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

1  2003) (per curiam) (quoting *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). However, the decision to allow an amendment is not without limits. Courts consider several factors to determine whether justice necessitates an amendment, including: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice, and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, despite the extensive allegations presented by Stonelake, it is evident that her Complaint fails to establish a viable legal claim. The deficiencies in her allegations are fundamental and cannot be remedied by any new facts or theories. Allowing her to amend would serve no purpose other than to prolong the proceedings without any reasonable expectation of success. As the Ninth Circuit noted in *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), "futility of amendment can, by itself, justify the denial of a motion for leave to amend." This principle is further supported by cases such as *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993), where the court affirmed the denial of a motion to amend because the proposed changes would have been futile. Similarly, in *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990), the court upheld the denial of a motion to amend where the movant failed to present new facts and only offered new theories without adequately explaining the prior deficiencies. Given these considerations, the court should deny Stonelake's request for leave to amend, as any attempt to do so would be futile and unjustified.

## VI.   CONCLUSION

For these reasons, Meta respectfully requests that the Court dismiss Stonelake's Complaint with prejudice and without leave to amend.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 15

S<small>EYFARTH</small> S<small>HAW</small> LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Respectfully submitted this 24th day of March, 2025.

## **CERTIFICATE OF CONFERRAL**

Pursuant to the Court's March 18, 2025 Standard Order, the parties met conferred on March 24, 2025 to determine whether a motion to dismiss could be avoided. Despite discussions, the parties were not able to limit or eliminated the need for the subject motion.

SEYFARTH SHAW LLP

By: */s/ Lauren Parris Watts*
Lauren Parris Watts, WSBA No. 44064
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: lpwatts@seyfarth.com

Counsel for Defendant
META PLATFORMS, INC.

DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS - 16

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I have caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following.

Cynthia Heidelberg
Brendan W. Donckers
BRESKIN JOHNSON & TOWNSEND
600 Stewart St., Suite 901
Seattle, WA 98101
Phone: 206-652-8660
Email: cheidelberg@bjtlegal.com
bdonckers@bjtlegal.com

*/s/Lauren Parris Watts*
Lauren Parris Watts, WSBA No. 44064

Attorneys for Defendant
META PLATFORMS, INC.

MOTION TO DISMISS - 17

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910