The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY STONELAKE, an individual,

     Plaintiff,

v.

META Platforms, Inc. a Delaware Corporation,

     Defendant.

Case No. 2:25-cv-474-BJR

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I.     INTRODUCTION

This matter comes before the Court on a Motion for Reconsideration, Dkt. No. 26, filed by Plaintiff Kelly Stonelake, seeking reconsideration of the Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("MTD Order"), Dkt. No. 22. In that MTD Order, the Court found, among other things, that Stonelake failed to state a claim for (1) wrongful discharge in violation of public policy ("WDVPP"), and (2) retaliation pursuant to Washington State's Silenced No More Act ("SNMA"), RCW § 49.44.211. *Id.* at 17-19. Stonelake now seeks reconsideration of those findings. Having fully considered the materials and the relevant legal authorities, the Court denies Stonelake's Motion for Reconsideration. The reasoning for the Court's decision follows.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

- 1

## II.    LEGAL STANDARD

Western District of Washington Local Rule ("L.R.") 7(h) provides: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." L.R. 7(h). The term "manifest error" means "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Error*, Black's Law Dictionary (12th ed. 2024). Reconsideration is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). Whether or not to grant reconsideration is committed to the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## III.    DISCUSSION

### A.  Wrongful Discharge in Violation of Public Policy

#### 1.  Stonelake Has Not Shown Manifest Error Nor New Facts or Legal Authority

The Court concluded in the MTD Order that Stonelake failed to state a claim for WDVPP because she did not establish that she was constructively discharged. MTD Order at 17-18. Stonelake now argues that these findings were erroneous because the Complaint plausibly alleged that she was constructively discharged while on medical leave. Pl.'s Mot. for Recon. at 7-8. Defendant Meta Platforms, Inc. ("Meta") responds that it is clear that Stonelake's employment with Meta ended when her position was eliminated, rather than because of her inability to return to work for medical reasons. Def.'s Resp. at 9, Dkt. No. 31.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

- 2

Stonelake has not made a showing of manifest error nor new facts or legal authority. As discussed in this Court's MTD Order, Stonelake alleges in the Complaint that:

- In February 2023, she went on medical leave.

- While on medical leave, Stonelake's position was eliminated but she accepted a new position, the "Builder Role," which Stonelake had designed with her supervisor.

- Stonelake was laid off from Meta effective January 2024.

MTD Order at 17-18; *see also* Compl. ¶¶ 129-30, 132, Dkt. No. 1-1. In her Motion for Reconsideration, Stonelake cites to additional allegations from her Complaint that:

- The impact on her mental health from Meta's culture and treatment prevented her from returning to work prior to her layoff.

- Her career trajectory was permanently damaged.

Pl.'s Mot. for Recon. at 7-8 (citing Compl. ¶¶ 122-32). These allegations, which the Court previously considered, do not alter its analysis or ultimate conclusion. The Court cannot reasonably infer that Stonelake actually ceased to work as an employee of Meta before she was laid off. Taking the allegations as true, Stonelake was employed by Meta in some capacity until her actual discharge. Therefore, her constructive discharge argument fails. *See Korslund v. DynCorp Tri-Cities Services, Inc.*, 156 Wn.2d 168, 180 (2005) ("[W]here the employee continues to receive employment benefits and is still considered to be an active employee, or where his or her ability to return to work is protected in some other way, that employee has not been constructively discharged."), *overruled on other grounds by Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268 (2015). The Motion for Reconsideration is denied on this issue.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

- 3

**2. Stonelake's Request for Leave to Amend is Denied as Futile**

In the alternative, Stonelake seeks leave to amend the Complaint to add allegations in support of her WDVPP claim. Pl.'s Reply at 5, Dkt. No. 32. Specifically, Stonelake seeks to amend the Complaint to clarify that:

- When her prior role was eliminated it automatically "converted" to an individual contributor role and the Builder Role was created for her;

- She accepted the Builder Role, hoping to be able to eventually return to work;

- While on leave, she required long-term, intensive mental health treatment and has lasting and permanent mental health and executive functioning impairments that prevent her from returning to work at the level at which she worked at Meta;

- Job restructures and eliminations were common at Meta;

- But for Stonelake's medical leave and the ongoing severe mental health effects from Meta's treatment, she would have easily found a new role at Meta rather than getting laid off;

- Meta reposted Stonelake's position after her layoff; and

- But for her extended medical leave, Meta would not have eliminated the Builder Role.

*Id.*

Leave to amend a complaint under Federal Rule of Civil procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). However, where amendment of the complaint would be futile, the court need not permit leave to amend. *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 2004).

As explained *supra*, Stonelake's constructive discharge argument fails because the allegations show that Stonelake maintained employment at Meta in some capacity until she was

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

- 4

actually discharged. Stonelake's proposed amendment does not address this deficiency, and several of the proposed allegations are redundant. *Compare* Compl. ¶¶ 129-33, *with* Pl.'s Reply at 5. Accordingly, amendment would be futile. *Nunes*, 375 F.3d at 810.

**B.  Retaliation Pursuant to the Silenced No More Act**

**1.  Stonelake Has Not Shown Manifest Error Nor New Facts or Legal Authority**

The Court concluded in the MTD Order that Stonelake failed to state a claim for retaliation pursuant to the SNMA. This Court reasoned that Section (3) of the statute (which contains the retaliation provision) applies only in cases involving nondisclosure or non-disparagement *agreements*. MTD Order at 18-19. Stonelake now argues that the Court's interpretation of the statute was erroneous based on its plain language and legislative history. Pl.'s Mot. for Recon. at 3-6. However, these arguments merely reiterate points Stonelake previously made in response to Meta's Motion to Dismiss. *Compare id.*, *with* MTD Resp. at 12-13, Dkt. No. 17. The Court finds no manifest error in its prior ruling. Additionally, Stonelake has not identified any new facts or legal authority that warrant reconsideration of the dismissal of her SNMA claim. Reconsideration is denied on this issue.

**2.  The Court Declines to Certify this Issue to the Washington Supreme Court**

Should this Court deny the Motion for Reconsideration, Stonelake requests that this Court certify to the Washington Supreme Court the question of whether Section (3) of the SNMA is limited to cases involving nondisclosure or non-disparagement agreements. Pl.'s Mot. for Recon. at 6-7. Stonelake contends that "[t]he issue is narrow and concrete, outcome-determinative on this claim, and the scope of a statute the legislature deemed to have an important public policy purpose is an important policy question." *Id.* at 6. Meta responds that certification of Stonelake's question would be an inappropriate burden to impose on the parties and the Washington Supreme Court.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Def.'s Resp. at 7-8. Meta further asserts that (1) the question presented is one that a federal court can answer, and (2) Stonelake fails to show that this issue presents any significant new or substantial question of statutory interpretation. *Id.*

The decision of whether to certify a question to the Washington Supreme Court rests in the discretion of the federal court. *Murray v. BEJ Minerals*, *LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019). Courts may certify questions to the Washington Supreme Court when ascertaining local law is necessary to dispose of the proceeding, and when that local law has not been "clearly determined." RCW § 2.60.020. But federal courts need not use the certification process even if the state law is unclear. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009).

The Washington Supreme Court has not addressed the question raised by Stonelake's SNMA claim. However, the question is a narrow one, and one that was appropriate for this Court's consideration. *See id.* This Court has ruled and will adhere to its ruling without certifying the issue to the Washington Supreme Court.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. No. 26) is DENIED.

DATED this 31st day of October 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

- 6